IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| RUMBLE, INC.; RUMBLE USA INC.; and RUMBLE CANADA INC., <br><br>*Plaintiffs*, <br><br>v. <br><br>WORLD FEDERATION OF ADVERTISERS; DIAGEO PLC; WPP PLC; and GROUPM WORLDWIDE, INC., <br><br>*Defendants*. | Civil Action No. 7:24-cv-00115-B |

**JOINT MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND, ESTABLISH BRIEFING SCHEDULE, AND EXTEND PAGE LIMITS**

Plaintiffs Rumble, Inc., Rumble USA Inc., and Rumble Canada Inc. ("Plaintiffs") and Defendants WPP PLC ("WPP"), GroupM Worldwide, Inc. ("GroupM"), Diageo PLC ("Diageo"), and World Federation of Advertisers ("WFA")[1] respectfully request that the Court (i) extend the deadline for Defendants to answer or otherwise respond to the amended complaint, (ii) set a briefing schedule for any Rule 12(b) motions, (iii) grant leave for Defendants to exceed the page limits for their briefs in support of their anticipated Rule 12(b) motions, and (iv) grant leave for Plaintiffs to exceed the page limits for their briefs in support of their responses to such motions, as detailed below.

The deadline and briefing schedule requested below are the same as the current deadlines, schedule, and procedure for the related case pending before this Court—*X Corp. v. World*

---

[1] WPP, GroupM, Diageo, and WFA are collectively referred to herein as "Defendants," and Defendants and Plaintiffs are collectively referred to herein as the "Parties."

*Federation of Advertisers, et al.*, Case No. 7:24-cv-00114-B (the "X Case"). Like X Corp. has recently indicated in its case, Plaintiffs in this case are currently considering joining additional defendants. Therefore, in an effort to promote efficiency for both the Court and the Parties, the Parties are seeking an answer/response deadline and briefing schedule that will allow this case to remain on a similar schedule as the X Case.

For the reasons set forth below, the Parties request that the deadline to answer or otherwise respond to the First Amended Complaint be extended to and through **February 21, 2025.** The Parties further request that Plaintiffs' deadline to file any responses to any Rule 12(b) motions be extended to **April 15, 2025**, and that Defendants' deadline to file any replies in support of any Rule 12(b) motions be extended to **June 17, 2025**. Depending on the developments in the X Case and/or the addition of new defendants in this case, the Parties may seek further relief as to the answer/response deadline and briefing schedule in this case.

Additionally, the Parties also request that the combined page limit for all of Defendants' briefs in support of their anticipated Rule 12(b) motions be extended to 60 pages, with no single brief exceeding 40 pages, and that Plaintiffs' responses to such briefs be extended by the same amounts.

### PROCEDURAL BACKGROUND

1. On August 6, 2024, Plaintiffs filed their original complaint in this case (the "Rumble Case"). On that same day, X. Corp filed its original complaint in the related X Case. WFA has been a defendant in both cases since their inception.

2. On October 11, 2024, WFA filed a Notice of Related Case in both the X Case and Rumble Case. X Case, Dkt. 61; Rumble Case, Dkt. 17.

3. The three original Defendants' answer/response deadlines to the complaint in this case were as follows: GroupM's deadline was November 5, 2024 (Dkt. 20); WPP's deadline was December 5, 2024 (Dkt. 21); and WFA's deadline was December 13, 2024 (Dkt. 15).

4. On September 20, 2024, Plaintiffs amended their complaint in this case to, among other things, sue Diageo. Dkt. 13. Diageo's original answer/response deadline was November 21, 2024. Dkt. 22.

5. In an effort to coordinate motions and briefing, Defendants (other than Diageo) filed an unopposed motion to extend the answer/response deadline to January 8, 2025. Dkt. 24. The Court granted that extension for those three Defendants. Dkt. 25. Shortly thereafter, Diageo sought the same extension, to which Plaintiffs were also unopposed, and the Court granted that extension. Dkt. 27, 29.

6. On December 20, 2024, the Parties filed a Joint Motion to Extend Time to Answer or Otherwise Respond and to Establish Briefing Schedule. Dkt. 43. The Court granted that motion on the same day and ordered the current deadlines in this case. Dkt. 46. The answer/response deadline in this case is February 7, 2025; the deadline for responses to any Rule 12(b) motions is April 4, 2025; and the deadline for replies in support of any Rule 12(b) motions is May 20, 2025.

### REQUESTED RELIEF

*Extension of Answer/Response Deadline and Briefing Schedule*

7. The Parties jointly request the following deadlines:

   a. **February 21, 2025** – Defendants' deadline to answer or otherwise respond to Plaintiff's First Amended Complaint.

   b. **April 15, 2025** – Plaintiffs' deadline to respond to any Rule 12(b) motions filed by Defendants.

   c. **June 17, 2025** – Defendants' deadline to file any reply briefs in support of any Rule 12(b) motions.

8. Good cause exists to extend the answer/response deadline and establish the requested briefing schedule. *See* FED. R. CIV. P. 6(b)(1)(A).

9. These three requested deadlines are the exact same deadlines currently in place in the X Case. X Case, Dkt. 73. Because the two cases have been marked as related, it makes sense to keep the schedules aligned.

10. Alignment is particularly important for WFA. As a defendant in both cases, WFA must coordinate its briefing and arguments across both cases. This coordination may include presenting the Court with certain evidence in support of certain Rule 12(b) motions. Aligning the deadlines and briefing schedule for both cases ensures that WFA, a Belgian non-profit, can present evidence in a coordinated, efficient fashion. Additionally, as some of the WFA-specific arguments will be substantially similar between the two cases, aligning the deadlines and briefing schedules likewise promotes judicial efficiency and guards against potential inconsistent rulings as to WFA specifically. Likewise, aligning the deadlines and briefing schedules for the two cases will also promote judicial efficiency and guard against potential inconsistent rulings for any arguments that are similar, or demand similar analysis from the Court, between the two cases.

11. Relatedly, if the X Case and Rumble Case have substantially different answer/response deadlines, they will likely proceed under different scheduling orders. Similar scheduling orders between the cases will allow for better coordinated discovery, which is particularly important for WFA, as the Belgian non-profit that is a defendant in both cases.

12. The Parties only seek a short extension of 14 days.[2]

---

[2] Depending on whether Plaintiffs seek leave to add additional defendants to this case and/or the X Case's schedule changes, the Parties may seek additional relief to the deadlines and schedule.

13. This case is an antitrust suit involving four defendants, including three European organizations (WPP, Diageo, and WFA). The related X Case involves five defendants, and X Corp. has recently informed the Court that it may seek leave to join "multiple additional defendants" on January 31, 2025. X Case, Dkt. 72.

14. Like X Corp., Plaintiffs in this case are considering adding additional defendants in the near future, such that the justification for the deadlines, briefing schedule, and procedure in the X Case similarly apply here. *See* X Case, Dkt. 69, 72 (explaining the desire for coordinated, efficient briefing between all defendants, including those who may be sued and joined in immediate future). Defendants reserve all rights to oppose any additional amendments to the complaint or attempts to add additional defendants.

15. Accordingly, the Parties respectfully request that this Court grant the requested extensions and establish the answer/response deadline and briefing schedule for any Rule 12(b) motions, as set forth above.

***Requested Extension for Rule 12(b) Briefing Page Limits***

16. As previously noted for the Court, the Defendants in this case "intend to file consolidated briefing to promote judicial efficiency by presenting any issues for decision concisely and efficiently to this Court in as few filings as possible." Rumble Case, Dkt. 43, ¶ 6. To that end, Defendants are considering filing two Rule 12(b) motions and accompanying briefs. Defendants anticipate that the first motion will seek dismissal for lack of personal jurisdiction and improper venue, and the second will seek dismissal for failure to state a claim. After conferring, the Parties agree that 60 pages of total briefing, allocated as Defendants deem necessary, is an appropriate, comprehensive page limit for Defendants' anticipated two 12(b) briefs. The Parties agree that no

one brief will exceed 40 pages and that a similar page-limit extension for Plaintiffs' response briefs is also appropriate.[3]

17.     The Parties therefore request that the Court grant Defendants leave to file two briefs in support of their anticipated Rule 12(b) motions with a combined page limit not to exceed 60 pages and a per-brief page limit not to exceed 40 pages. The Parties further request the same page-limit extensions for any Rule 12(b) response briefs filed by Plaintiffs.

### PRAYER

For the reasons set forth above, the Parties request that the Court grant an extension to the answer/response deadline and the current Rule 12(b) briefing schedule so that the deadlines reflect those set forth in the related X Case. The Parties further request an extension to the page limits, as detailed above.

Respectfully submitted.

<div style="display: flex;">

<div>

*/s/ John C. Sullivan*
John C. Sullivan
Texas Bar No. 24083920
john.sullivan@the-sl-lawfirm.com
Jace R. Yarbrough
Texas Bar No. 24110560
jace.yarbrough@the-sl-lawfirm.com
S|L LAW PLLC
610 Uptown Blvd., Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891

Brandon Kressin*
brandon@kressinmeador.com
Christian Lorenz*
christian@kressinmeador.com
Patrick Greco*

</div>

<div>

*/s/ Andrew B. Ryan*
Andrew B. Ryan
Texas Bar No. 24054464
Ryan Law Partners LLP
3811 Turtle Creek Blvd.
Suite 1450
Dallas, TX 75219
(214 347-7360
andy@ryanlawpartners.com

Steven P. Lehotsky*
LEHOTSKY KELLER COHN LLP
200 Massachusetts Avenue, NW
Washington, DC 20001
(512) 693-8350
steve@lkcfirm.com

Andrew B. Davis*

</div>

</div>

---

[3] Defendants reserve the right seek additional pages if Plaintiffs add additional defendants to this lawsuit.

patrick@kressinmeador.com
KRESSIN MEADOR POWERS LLC
300 New Jersey Ave., Suite 900
Washington, DC 20001
Telephone: (202) 464-2905

*Admitted *pro hac vice*

*Attorneys for Plaintiffs Rumble Inc., Rumble USA Inc., and Rumble Canada Inc.*

Texas Bar No. 24082898
LEHOTSKY KELLER COHN LLP
408 W. 11st Street, 5th Floor
Austin, TX 78701
(512) 693-8350
andrew@lkcfirm.com

Drew F. Waldbeser*
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305
(512) 693-8350
drew@lkcfirm.com

* Admitted *pro hac vice*

*Counsel for Defendant WPP PLC and GroupM Worldwide, Inc.*

/s/ D. Bruce Hoffman
D. Bruce Hoffman*
Jacob M. Coate*
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500
bhoffman@cgsh.com
jcoate@cgsh.com

Catherine L. Guerrier*
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, 1 Liberty Pl
New York, NY 10006
Telephone: (212) 225-2138
cguerrier@cgsh.com

Amber M. Rogers
Hunton Andrews Kurth
1445 Ross Ave. #3700
Dallas, TX 75202
Telephone: (214) 468-3308
arogers@HuntonAK.com

*Counsel for Defendant Diageo, plc*

*Admitted *pro hac vice*

/s/ David C. Miller
David C. Miller
Texas Bar No. 24110114
William S. Snyder
Texas Bar No. 00786250
Samuel T. Acker
Texas Bar No. 24100111
BRADLEY ARANT BOULT CUMMINGS LLP
1445 Ross Avenue, Suite 3600
Dallas, TX 75202
Telephone: (214) 257-9800
Facsimile: (214) 939-8787
dmiller@bradley.com
wsnyder@bradley.com
sacker@bradley.com

Charles E. Elder (*pro hac vice*)
Tennessee Bar No. 038250
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
Telephone: (615) 252-3597
Facsimile: (615) 252-6380
celder@bradley.com

*Counsel for Defendant World Federation of Advertisers*

7

## CERTIFICATE OF SERVICE

      I certify that on January 29, 2025, the foregoing document was filed using the Court's CM/ECF system, which constitutes service to all attorneys of record who have registered for CM/ECF updates.

                                        */s/ David C. Miller*
                                        David C. Miller